# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:08CR107 |
| v. | § | |
| | § | |
| LAURO ABEL GRIMALDO | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO SUPPRESS ORAL STATEMENTS

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Motion to Suppress Oral Statements (Dkt. 401). After considering the evidence presented and the arguments of counsel, the Court finds that the motion should be DENIED.

In his motion, Defendant Lauro Abel Grimaldo seeks to suppress "any oral statements made by the Defendant subsequent to his arrest," including any incriminating statements he made during his post-arrest interview by agents with the Drug Enforcement Agency. In the pleadings before the Court, Defendant claims that no counsel was present during the interview, that he was not given his *Miranda* rights, and that his statements were therefore not voluntary. While Defendant does not specify in his written motion what statements he seeks to suppress, he argues that they were taken in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

## ANALYSIS

The Fifth Amendment protects an individual's right to be free from compelled self incrimination. Thus, the Government may use at trial only those confessions that are voluntarily

made. 18 U.S.C. § 3501(a); *Malloy v. Hogan*, 378 U.S. 1, 6, 84 S. Ct. 1489, 12 L. Ed.2d 653 (1964). In order for the Government to introduce Defendant's statement, it generally must prove that the accused voluntarily, knowingly and intelligently waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966). To prove a valid waiver, the Government must show that the relinquishment of the defendant's rights was voluntary and that the defendant was fully aware that the right was being waived and the consequences of waiving that right. *Id.*

On April 23, 2009, the Court held a hearing on Defendant's motion. At the hearing, the Government offered the testimony of D.E.A. agent Sean Greninger and a copy of Form D.E.A. 13-A, containing the *Miranda* rights allegedly read to Defendant by D.E.A. agents. The Defendant did not offer any evidence or testimony in support of his motion.

According to the testimony of Agent Greninger, Defendant was arrested on June 8, 2008 in Houston, Texas. After Defendant was arrested, he was taken to the Houston field division office of the D.E.A. for interrogation. According to the testimony, the time period between Defendant's arrest and his interrogation was somewhere between 30 minutes and an hour. Defendant and two agents were in an interview room during the interrogation. Defendant was not handcuffed during this period. According to the agent, Defendant did not appear intoxicated or under the influence of any drugs at the time of his arrest and appeared alert and coherent during the questioning.

Agent Greninger testified that he read Defendant his *Miranda* warnings prior to the interview. Agent Greninger testified that he read the rights verbatim off a card carried in his pocket, referred to as the Form D.E.A. 13-A. The Government offered a copy of this card for the Court's review. Agent Greninger acknowledged that the Defendant was not offered a written form to sign to acknowledge his *Miranda* rights, however, he stated no department policy required a written waiver

of rights. After he was read his *Miranda* warnings, according to Greninger, Defendant consented to the interview but asked to asked to call his wife first, which he was allowed to do. According to the agent, Defendant never asked to speak to an attorney during his interrogation, and the agents' demeanor and dress during the questioning was relaxed and casual.

After considering the evidence and testimony presented at the hearing, the Court finds that Defendant's Motion to Suppress should be denied. Specifically, the Court finds that Defendant made a knowing and voluntary waiver of his *Miranda* rights and was not coerced or threatened by law enforcement officers to do so. According to the evidence presented, Defendant voluntarily gave statements to agents after being read his rights. Additionally, the evidence indicates that Defendant appeared coherent and able to make such a waiver and was not deprived of any food, water, or other necessities during his arrest and subsequent interrogation.

Defendant argues that, because he was arrested post-indictment, he should have been taken to a magistrate judge and offered counsel prior to his interrogation. Defendant could not offer any case law in support of this proposition.

The Court was referred to a recent decision by the United States Supreme Court. In *Corley v. U.S.*, __ S. Ct. ____, 2009 WL 901513 (April 6, 2009), the Court held that as long as a statement is made within six hours of the arrest and as long as it is made voluntarily, it will not be considered inadmissible based on delay of presentment to the magistrate judge. Further, according to Fifth Circuit precedent, when a defendant is advised of his right to remain silent before an interview, a delay in taking him before a magistrate judge is grounds for suppression only if the delay was "for the purpose of interrogation or for any other malevolent reason" or "that the delay tainted the voluntariness of his confession or that there was a causal connection between the delay and his

confession." *U.S. v. Garcia-Baeza*, 191 Fed. Appx. 306, 308 (5th Cir. 2006) (internal citations omitted); *see also U.S. v. Rodriguez*, 255 Fed. Appx. 901, 902 (5th Cir. 2007) ( "Because Acosta has not shown that the delay had a coercive effect on his confession or that there was a specific causal connection between the delay and his confession, he has not shown that the district court erred in denying his motion to suppress his statement due to the delay between his arrest and his initial appearance.").

The Court finds that the agents here properly administered Defendant his *Miranda* warnings, and the Government has satisfied its burden of showing that Defendant here knowingly and voluntarily waived his rights prior to making his oral statements to D.E.A. agents. Here, the uncontroverted testimony indicated that Defendant gave the statements within an hour of being arrested, well within *Corley*'s 6-hour window, and there is no indication that the delay in presentment had a coercive effect on, or causal connection to, his incriminating statements. Therefore, the Court finds that under *Corley* and current Fifth Circuit case law, there is no basis to suppress the statements.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's Motion to Suppress Oral Statements (Dkt. 401).

According to the agreement of counsel for the Government and Defendant, any written objections to these findings and recommendations shall be filed on or before ***April 27, 2009 at 9 a.m.*** Failure to file written objections to the proposed findings and recommendations contained in this report within this time shall bar an aggrieved party from *de novo* review by the district court of the

proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 24th day of April, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE