UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:08-CR-107-SDJ |
| | § | |
| LAURO ABEL GRIMALDO (13) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lauro Abel Grimaldo's Motion Requesting to Amend to Pending Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) and (d) for Compassionate Release. (Dkt. #887). As the Court has previously indicated, the Court construes this motion as a standalone motion for sentence reduction. *See* (Dkt. #888). The Government filed a response in opposition, (Dkt. #891), and Grimaldo filed a reply, (Dkt. #892). The Court, having considered the motion, the subsequent briefing, and the applicable law, concludes that the motion must be **DENIED without prejudice**.

### I. BACKGROUND

Grimaldo is currently serving a 360-month term of imprisonment at FCI Beaumont Low for conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute a controlled substance in violation of 21 U.S.C. § 846. At the time Grimaldo filed this compassionate-release motion, he had completed approximately 173 months of his sentence. Citing alleged errors in his sentencing, Grimaldo requests that the Court reduce his sentence.

Grimaldo submitted a request for compassionate release to his warden on January 10, 2022, citing the "risk of irreparable injury by COVID-19" he faced

because of his medical conditions. (Dkt. #881-2 at 3). Grimaldo also submitted a request for compassionate release to the associate warden on January 12, 2022, in which he requested that the warden file a motion for compassionate release on his behalf based on his medical conditions. (Dkt. #881-2 at 2). The Government argues that Grimaldo's motion should be denied without prejudice because Grimaldo did not exhaust his administrative remedies with respect to alleged sentencing errors before filing the instant motion. Grimaldo agrees and asks the Court to "deny the motion for compassionate release without prejudice because exhaustion has not occurred" and to "stay proceedings while he makes a request and submit[s] the amended motion." (Dkt. #892 at 1).

## II. DISCUSSION

### A. 18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Importantly, a court may not consider any modification to a defendant's sentence under Section 3582(c)(1)(A)(i) unless the defendant has first met Section 3582(c)(1)(A)'s exhaustion requirement, which requires that the defendant's request for a sentence reduction first be presented to the Bureau of Prisons ("BOP")

for its consideration. Then, only after thirty days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction with the court. *See* 18 U.S.C. § 3582(c)(1)(A).

**B. Grimaldo's Motion**

It is undisputed that Grimaldo did not meet Section 3582(c)(1)(A)'s exhaustion requirement. Grimaldo appears to ask the Court both to deny his motion without prejudice and to stay these proceedings until he has submitted a revised request to his warden. The Government does not discuss staying the case but agrees that the case should be dismissed without prejudice due to Grimaldo's failure to exhaust administrative remedies.

The exhaustion requirement is mandatory, and the Court is unaware of any supportive case law from this circuit allowing a district court to stay and then later consider Grimaldo's motion, as the statute states that the Court may only modify a sentence "upon motion of the defendant *after* the defendant has fully exhausted all administrative rights . . . or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Indeed, the Fifth Circuit has held that where a defendant achieves exhaustion during the pendency of a motion for reconsideration of a proper denial of compassionate release, that exhaustion is "irrelevant," as prisoners are required to properly exhaust *before* filing the motion, and "[t]he court [does] not have discretion to excuse his failure to do so." *United States v. Garrett*, 15 F.4th 335, 340 (5th Cir. 2021) (quoting *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam));

*cf. Gonzalez*, 702 F.3d at 788 (holding, in a Prison Litigation Reform Act suit, that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint" and that "[i]t is irrelevant whether exhaustion is achieved during the federal proceeding"). The Fifth Circuit has also held that Section 3582(c)(1)(A)'s exhaustion requirement is a "paradigmatic mandatory claim-processing rule" that "specifies what a defendant must do before [he] files a motion for compassionate release in federal court." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir.) (denying prisoner's request to excuse Section 3582(c)(1)(A)'s textual requirement that she file a request with the BOP before filing her compassionate-release motion in federal court), *cert. denied*, 141 S.Ct. 920, 208 L.Ed.2d 466 (2020).

Applying the Fifth Circuit's reasoning to Grimaldo's motion, the Court finds that the appropriate course of action is to deny the motion without prejudice to its refiling after Grimaldo has successfully exhausted his administrative remedies.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Grimaldo's Motion Requesting to Amend to Pending Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) and (d) for Compassionate Release, (Dkt. #887), is hereby **DENIED without prejudice**.

So ORDERED and SIGNED this 9th day of September, 2022.

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

4